IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:07-cr-201-WKW |
| ) | |
| WILLIE L. JACKSON ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:           SUSAN G. JAMES

ASSISTANT U.S. ATTORNEY:   SUSAN R. REDMOND

### COUNTS AND STATUTES CHARGED:

| | |
|---|---|
| Counts 1-4 of Indictment | 21 U.S.C. § 841(a)(1)<br>Distribution of a controlled substance |
| Information | 18 U.S.C. § 924(c)(1)(A)(1)<br>Use/Possession of a firearm during a drug trafficking crime |

### COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

| | |
|---|---|
| Counts 1 - 4 of Indictment | 21 U.S.C. § 841(a)(1) |
| Information | 18 U.S.C. § 924(c)(1)(A)(1) |

### PENALTIES BY COUNT – MAXIMUM PENALTY:

| | |
|---|---|
| Counts 1 - 4 of Indictment | 21 U.S.C. § 841(a)(1):<br>NMT 20Y;<br>NMT $1,000,000; both<br>NLT 3Y SUP REL;<br>$100 AF; VWPA. |
| Information | 18 U.S.C. § 924(c)(1)(A)(1)<br>NLT 5Y, NMT LIFE;<br>NMT $250,000; both |

NMT 3Y SUP REL;
No probation;
$100 AF; VWPA, Consecutive.

**ELEMENTS OF THE OFFENSE:**

21 USC § 841(a)(1):

First: The defendant knowingly and intentionally distributed a controlled substance (cocaine)(crack); and

Second: The defendant did so knowingly and intentionally.

18 U.S.C. § 924(c)(1)(A):

First: The defendant committed a drug trafficking offense; and

Second: The drug trafficking offense may be prosecuted in a court of the United States; and

Third: The defendant, in furtherance of the offense, used, possessed and carried a firearm; and

Fourth: The defendant did so knowingly and willfully.

*****************************************************************

Susan R. Redmond, Assistant United States Attorney, and Susan G. James, attorney for the defendant, pursuant to Rules 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment and Information, and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## **GOVERNMENT'S PROVISIONS**

1. Upon entering a plea of guilty by the defendant to the offenses charged in the Indictment and the Information, the attorney for the government will do the following:

   a. The government will agree, pursuant to Rule 11(c)(1)(C), that the appropriate advisory sentencing guideline base offense level is 20; the criminal history category is III; and, the appropriate sentencing range is 30-37 months for the counts of the Indictment and 60 to Life for the Information. The government further agrees that the appropriate advisory sentencing guideline range in this case is 90-97 months incarceration in the Bureau of Prisons.

   b. The government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant qualifies for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## **DEFENDANT'S PROVISIONS**

3. The defendant agrees to the following:

    a. To plead guilty to the Indictment and to the Information.

    b. To forfeit any rights and claims to any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the violations of the Indictment and the Information and any rights and claims to any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of Counts 1-4 of the Indictment and to the Information.

## FACTUAL BASIS

The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 1, that on or about February 16, 2007, within the Middle District of Alabama, the defendant did knowingly and intentionally distribute approximately 58.6 grams of a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

The defendant admits the allegations charged in Count 2 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 2, that on or about February 16, 2007, within the Middle District of Alabama, the defendant did knowingly and intentionally distribute approximately .47 grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

The defendant admits the allegations charged in Count 3 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 3, that on or

about March 8, 2007, within the Middle District of Alabama, the defendant did knowingly and intentionally distribute approximately 124.1 grams of a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

The defendant admits the allegations charged in Count 4 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 4, that on or about March 15, 2007, within the Middle District of Alabama, the defendant did knowingly and intentionally distribute approximately 60.4 grams of a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

The defendant admits the allegations charged in the Information and understands that the nature of the charge to which the plea is offered involves proof as to the Information, that on or about September 28, 2007, within the Middle District of Alabama, the defendant did knowingly use and carry, during and in relation to, and possess a firearm in furtherance of, a drug trafficking crime for which he may be prosecuted in a Court of the United States, to-wit: possession with intent to distribute a controlled substance, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Understanding that Title 18, United States Code, Section 3742, provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by Title 18, United States Code, Section 3742, to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground, including an upward variance or upward departure, and waives the right to attack the conviction and

sentence in any post-conviction proceeding, other than grounds of ineffective assistance of counsel and prosecutorial misconduct.

The government does not waive its right to appeal any order dismissing the Indictment or the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).

## SENTENCING GUIDELINES AND RECOMMENDATIONS

It is understood by the parties that the Court is neither a party to, nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant agrees to have defendant's sentence determined under the sentencing guidelines, waives any constitutional challenge to the sentencing guidelines, waives indictment and trial by jury on all findings for sentencing, and stipulates that the Court may make all findings for sentencing and may make those findings by a preponderance of the evidence based upon any reliable evidence, including hearsay. Defendant understands that the Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances. Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing guidelines and defendant understands how the guidelines are applicable to defendant's case.

## 18 U.S.C. § 3553(a)

The defendant acknowledges that counsel for the defendant has conferred with the defendant prior to the signing of this plea agreement and advised the defendant that the Court, at sentencing, will consider the factors set forth in 18 U.S.C. § 3553(a), and explained to the defendant each of those factors specifically including (1) the nature and circumstances of the offense and the history characteristics of the defendant; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the kinds of sentences available; (6) the need to avoid unwanted sentencing disparities; and, (7) the need to provide restitution to victims.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4. The defendant, before entering a plea of guilty to the Indictment and Information, as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c. The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00/count assessment fee is to be paid by the defendant on the date of

sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

      d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

      e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

      f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

      g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth

herein is the result of prior discussions between the attorney for the government, the attorney for the State and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

    h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

    i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on their respective Courts.

    j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment and Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment and Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

    k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

    5. The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been

advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

      6. The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the United States Attorney. In ~~the event~~ that the Court determines the defendant's offense level or criminal history category to be higher than the defendant anticipated, the defendant will have ~~no~~ the right to withdraw the plea on that basis.

This 29th day of January, 2008.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Louis V. Franklin
Louis V. Franklin
Chief - Criminal Division
Office of the United States Attorney
Middle District of Alabama
131 Clayton Street
Montgomery, Alabama 36104-3429


/s/ Susan R. Redmond
Susan R. Redmond
Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, SUSAN G. JAMES.

_____
Willie L. Jackson
Defendant

1-29-08
Date

_____
Susan G. James
Attorney for the Defendant

1-29-08
Date